Putnam J.
delivered the opinion of the Court. If this should be considered as a question between a bona fide vendee and an attaching creditor, it would be clear for the latter ; for the creditor attached the goods before the vendee had perfected his title by having an actual delivery of them to him. The case cited, of Lanfear v. Sumner, would be conclusive upon the matter.
*360 The defendant, William Dickinson, claims in virtue of an attachment made for him by the other defendant, Zebina Dickinson; and they contend that the attachment was made on Monday, after the sale to the plaintiff on Saturday, and before the vendee obtained the actual possession of the property.
But the plaintiff contends, that the defendants are not in a situation to avail themselves of the rule laid down in the case of Lanfear v. Sumner, because the creditor took the property on Sunday, after the sale, without any legal right, and removed and secreted it from the place where the vendee was to have received it. And the action is brought to recover damages for that trespass.
The officer cannot be considered to be in a more favorable situation than the creditor in whose favor and by whose direction the attachment was made, immediately after the expiration of the Sunday.
Now it is very clear ¿hat the sale, as between the vendor and the vendee, was good before the delivery. See the cases cited to that point in Lanfear v. Sumner.
If the property is not present at the time of the sale, to be actually delivered, and if there is no symbolical delivery, yet by the operation of the law, the thing sold belongs to the vendee, and the price to the vendor. So that if a stranger, 01 one without legal right, shall take the property before the ven dee (exercising ordinary care and diligence) obtains the actúa possession, the law will protect the property for the vendee ; and by reasonable intendment of law, the possession is to be considered constructively in the vendee, as against such stranger.
And we all think that this rule applies clearly to the case at bar. The plaintiff was the bond fide purchaser on Saturday. On the next Sunday, the creditor, without any legal right, seized and carried the property away and prevented the plaintiff from .taking the possession. He was then unquestionably a stranger and a trespasser, and he cannot purge the original wrong, by the subsequent attachment. It would be against the clear morabas well as legal rule, that no one shall be permitted to take advantage of his own wrong.
*361 And the measure of damages should be the value of the property taken.
_ According to the agreement of the parties, a new trial is to be granted, as to the question whether the defendants took the property, that not having been submitted to the jury, but taken for granted for the purpose of obtaining the opinion of the Court upon the law of the case.[1]

 See Ricker v. Cross, 5 N. H. R. 570.